Turley, J.
delivered the opinion of the court.
This is an attachment bill filed in the chancery court at Franklin, by the complainant against the defendant, under the provisions of the act of 1836, chap. 43. The bill charges that the defendant is a resident citizen of the State of Mississippi, and is indebted to the complainant by bill single in the sum of $1100; that she is the owner of a negro man named’Randal, and a tract of land of six or seven hundred acres in Williamson county, State of Tennessee, and prays for a writ of attachment against said property, and for a subpoena to answer, but nothing further. . And it is now contended that no relief against this property can be granted, because none is asked.
It is not to be denied that as a general rule of chancery * practice, no relief can be granted in chancery if none be asked; but the proceeding by this bill is not according to the usual course of chancery practice, but is under a statute making provision for a particular class of cases, the practice upon which is regulated by the statute. By the 1st section it is provided, “that when any person or persons who are non-residents of this State, have any real or personal property of either a legal or equitable nature or choses in action in. this State and such non-residents shall be indebted to any citizen of this state or any other state or states, it shall be lawful for such creditor without first having obtained a judgment at law to file a bill in chancery to have said real or personal property or choses in action and debts attached, and that it shall be the duty of the sheriff or other officer to attach and take into his possession the personal property or so much thereof as is necessary to satisfy the complainant’s claim; and to levy such attachment upon the real estate of the defendants, which said property shall be sold to satisfy said claim in the manner after directed.”
*537 Now under this statute all that is necessary to authorize a court of chancery to grant relief, is that the bill should shew an indebtedness on the part of the defendant, that he or she is a non-resident, and has property real or personal or debts or dio-ses in action in this state, and pray that the same may be attached, which shall be accordingly done, by the order of a chancellor and the same sold by a decree of the couni» to satisfy the demand without a prayer to that eifect, because the statute specially provides that the property when attached sWll be sold for that purpose.
We are therefore of opinion that the bill is not defective in not praying for specific relief against the property, and affirm the decree of the chancellor.